THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
ANN LUOTTO WOLF
Assistant United States Attorney
California Bar No. 137163
    United States Courthouse
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
       Telephone:  (714) 338-3533
       Facsimile:  (714) 338-3708
       Email:      ann.wolf@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>REAL PROPERTY IN GARDEN GROVE, CALIFORNIA,<br><br>　　　　　　Defendant.<br><br>ZNC PLAZA, INC.; EVERTRUST BANK; AGSTAR FINANCIAL SERVICES; JONG OCK MAO; PLAZA SUNSET INVESTMENTS, LP; ZNC ENTERPRISES, LLC; JONG'S CONSULTING, INC.; WASHINGTON MUTUAL BANK; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and EDWARD LUTT,<br><br>　　　　　　Claimants.<br><br>AND CONSOLIDATED ACTIONS. | NO.  SACV 06-378-AHS (MLGx)<br>[AND THE FOLLOWING CONSOLIDATED ACTIONS:<br>SACV 06-384-AHS (MLGx)<br>SACV 06-387-AHS (MLGx)<br>SACV 06-388-AHS (MLGx)<br>SACV 06-392-AHS (MLGx)<br>CV 06-2210-AHS (MLGx)<br>**CV 06-2212-AHS (MLGx)**<br>CV 06-2216-AHS (MLGx)<br>**CV 06-2217-AHS (MLGx)**<br>CV 06-5081-AHS (MLGx)<br>**CV 07-167-AHS (MLGx)**<br><br>**CONSENT JUDGMENT**<br><br>[This document pertains to **CV 06-2212, CV 06-2217, and CV 07-167, only,** and is being lodged concurrently with a proposed consent judgment in <u>Real Property in Las Vegas, NV</u>, CV 06-2210; the two consent judgments resolve and dispose of the remainder of the consolidated actions] |

1        On April 11, 2006, plaintiff United States of America
2   ("plaintiff" or the "government") commenced forfeiture actions
3   against:
4        -- a parcel of real property located in La Puente,
5        California, <u>United States v. Real Property in La Puente,</u>
6        <u>California</u>, CV 06-2212-AHS (MLGx) (the "La Puente property
7        action"); and
8        -- a parcel of real property located in Paramount,
9        California, <u>United States v. Real Property in Paramount,</u>
10       <u>California</u>, CV 06-2217-AHS (MLGx) (the "Paramount property
11       action").
12       On January 5, 2007, the government filed a Complaint for
13  Forfeiture against the following seized assets:
14       -- $46,050.41 in bank account funds (the "defendant bank
15       account funds");
16       -- $83,031.00 in U.S. currency (the "defendant currency");
17       and
18       -- various collectable coins and uncut sheets of U.S.
19       currency valued at $22,680.00 (the "collectable coins and
20       sheets").
21  Collectively, the defendant bank account funds, the defendant
22  currency, and the collectable coins and sheets shall be referred
23  to herein as the "seized assets."
24       In each of these consolidated actions, the government alleges
25  that the defendant properties were purchased with proceeds of
26  violations of the Travel Act, 18 U.S.C. § 1952(a), and/or were
27  involved in money laundering transactions, rendering the assets
28  / / /

2

1  subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and
2  (C).
3       On May 12, 2006, claimant Edward Lutt ("claimant Lutt")
4  filed a statement of interest in the La Puente property action.
5  On July 10 and 11, 2006, lien-holder claimant Washington Mutual
6  Bank ("claimant WMB") filed a claim and an answer, respectively,
7  in the La Puente property action.
8       On May 12, 2006, claimant Edward Lutt ("claimant Lutt")
9  filed a statement of interest in the Paramount property action.
10 On June 15, 2006, lien-holder claimant Mortgage Electronic
11 Registrations Systems, Inc. ("claimant MERS") filed a claim and
12 an answer in the Paramount property action.
13      Claimant Lutt, from whose residence the collectable coins
14 and sheets were seized, asserts that he and/or his immediate
15 family are the sole owners of the collectable coins and sheets.
16 Claimant Lutt filed the only claim to the collectable coins and
17 sheets in the administrative forfeiture proceedings.
18      No other claims, statements of interest, or answers have
19 been filed in the La Puente property action, the Paramount
20 property action, and the seized assets action, and the time for
21 filing claims, statements, and answers has expired.
22      The government and claimants have agreed to settle the La
23 Puente property action, the Paramount property action, and the
24 seized assets action and to avoid further litigation.
25      The Court having been duly advised of and having considered
26 the matter, and based upon the mutual consent of plaintiff and
27 claimants,
28 / / /

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Court has jurisdiction over the La Puente property action, the Paramount property action, and the seized assets action pursuant to 28 U.S.C. §§ 1345 and 1355.

2. The Complaints for Forfeiture state claims for relief pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

3. Claimant Lutt is relieved of his duty to file a claim and answer in the seized assets action.

4. Notice of the actions has been given as required by law. Claimants identified herein filed the only claims, statements of interest, and/or answers in the La Puente property action, the Paramount property action, and the seized assets action. The Court deems that all other potential claimants admit the allegations of the Complaints for Forfeiture to be true.

5. The Department of Homeland Security - U.S. Customs and Border Protection ("CBP") shall transfer up to a maximum of $5,000.00 of the defendant currency to claimant MERS to reimburse MERS for its reasonable attorneys' fees, which payment shall be made by a check in an amount up to $5,000.00, made payable to "Pite Duncan, attorney-client trust account," and sent to Michelle A. Mierzwa, Pite Duncan, 525 East Main Street, P.O. Box 12289, El Cajon, California, 92022-2289.

6. Claimants agree to forfeiture as set out below. A judgment of forfeiture is hereby entered in favor of the United States, which shall dispose of the following defendant properties in accordance with the law:

   (A) The defendant bank account funds plus all accrued interest are hereby forfeited to the United States of

|   |   |
|---|---|
| 1 | America, and no other right, title, or interest shall exist |
| 2 | therein. |
| 3 | (B)   $79,231.00 of the defendant currency, less the |
| 4 | amount paid pursuant to paragraph 5 above, plus all accrued |
| 5 | interest is hereby forfeited to the United States of |
| 6 | America, and no other right, title, or interest shall exist |
| 7 | therein. |
| 8 | (C)   Eight U.S. Mint bags of nickels valued at $440.00 |
| 9 | are hereby forfeited to the United States of America, and no |
| 10 | other right, title, or interest shall exist therein. |
| 11 | (D)   Three U.S. Mint bags of half-dollars valued at |
| 12 | $330.00 are hereby forfeited to the United States of |
| 13 | America, and no other right, title, or interest shall exist |
| 14 | therein. |
| 15 | (E)   One U.S. Mint bag of dollar coins valued at |
| 16 | $2,200.00 is hereby forfeited to the United States of |
| 17 | America, and no other right, title, or interest shall exist |
| 18 | therein. |
| 19 | (F)   Twelve uncut BEP sheets of U.S. bills valued at |
| 20 | $1,200.00 are hereby forfeited to the United States of |
| 21 | America, and no other right, title, or interest shall exist |
| 22 | therein. |
| 23 | 7.   The following properties shall be returned to claimant |
| 24 | Lutt: |
| 25 | (A)   $3,800.00 of the defendant currency without |
| 26 | interest; |
| 27 | (B)   Thirty-five U.S. Mint bags of quarters valued at |
| 28 | $6,270.00; and |

1       (C)  Various loose, foreign, collectable, and/or
2  commemorative coins valued at $12,240.00.
3       8.   The actions against the La Puente property and the
4  Paramount property are hereby dismissed.  The government will
5  record withdrawals of lis pendens within 30 days of the entry of
6  judgment.
7       9.   Claimants will execute further documents, to the extent
8  necessary, to convey clear title to the defendant properties and
9  to further implement the terms of this Consent Judgment.
10      10.  Claimants hereby release the United States of America,
11 its agencies, officers, and employees, including employees of the
12 Department of Homeland Security, Immigration and Customs
13 Enforcement, the Internal Revenue Service -- Criminal
14 Investigation Division, and CBP, and local law enforcement
15 agencies, their agents, officers, and employees, from any and all
16 claims, actions, or liabilities arising out of or related to
17 these actions, including, except as expressly set forth herein,
18 any claim for attorneys' fees, costs, or interest on behalf of
19 claimants, whether pursuant to 28 U.S.C. § 2465 or otherwise.
20      11.  The Court finds that there was reasonable cause for the
21 institution of these proceedings against the La Puente property,
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

```
 1 │ the Paramount property, and the seized assets.  This judgment
 2 │ shall be construed as a certificate of reasonable cause pursuant
 3 │ to 28 U.S.C. § 2465.
 4 │ DATED:  March 27, 2009.
 5 │                                      ALICEMARIE H. STOTLER
   │                                    _____
   │                                    THE HONORABLE ALICEMARIE H. STOTLER
 6 │                                    UNITED STATES DISTRICT JUDGE
 7 │
 8 │                                 CONSENT
 9 │      The government and claimants consent to judgment and waive
10 │ any right of appeal.
11 │ DATED:  February ___, 2009     THOMAS P. O'BRIEN
   │                                United States Attorney
12 │                                CHRISTINE C. EWELL
   │                                Assistant United States Attorney
13 │                                Chief, Criminal Division
   │                                STEVEN R. WELK
14 │                                Assistant United States Attorney
   │                                Chief, Asset Forfeiture Section
15 │
16 │                                _____
   │                                ANN LUOTTO WOLF
17 │                                Assistant United States Attorney
18 │                                Attorneys for Plaintiff
   │                                United States of America
19 │
20 │ DATED:  January ___, 2009      _____
   │                                EDWARD LUTT, Claimant
21 │
22 │ DATED:  February ___, 2009     ADORNO, YOSS, ALVARADO & SMITH
23 │
24 │                                _____
   │                                SCOTT J. STILMAN
25 │
   │                                Attorneys for JPMorgan Chase
26 │                                Bank, N.A., an acquirer of certain
   │                                assets and liabilities of Claimant
27 │                                Washington Mutual Bank from the
   │                                FDIC acting as receiver
28 │
```

```
 1
    DATED:  February ___, 2009     PITE DUNCAN, LLP
 2

 3
                                   _____
 4                                 JOHN D. DUNCAN
                                   PETER J. SALMON
 5                                 MICHELLE A. MIERZWA

 6                                 Attorneys for Claimant
                                   Mortgage Electronic Registration
 7                                 Systems, Inc.

 8

 9

10

...

28
```